IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs at Nashville December 1, 2015

**STATE OF TENNESSEE v. ANTHONY H. DEAN**

**Appeal from the Criminal Court for Shelby County**
**No. 98-14047    James C. Beasley, Jr., Judge**

---

**No. W2015-01348-CCA-R3-CD  -  Filed December 15, 2015**

---

The Defendant, Anthony H. Dean, was convicted in 2000 of aggravated rape of a ninety-two-year-old victim and received a forty-year sentence as a violent offender. In 2015, the Defendant allegedly filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting the correction of the judgment. The trial court summarily dismissed the motion for failure to state a colorable claim. On appeal, the Defendant contends that the trial court erred by dismissing the motion. We reverse the judgment of the trial court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT L. HOLLOWAY, JR., JJ., joined.

Anthony H. Dean, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Following the jury's finding the Defendant guilty of aggravated rape and the trial court's imposing a forty-year sentence, the Defendant appealed, and this court affirmed. *See State v. Anthony H. Dean*, 76 S.W.3d 352 (Tenn. Crim. App. 2001). The Defendant unsuccessfully sought post-conviction, habeas corpus, and error coram nobis relief. *See Anthony H. Dean v. State*, No. W2005-02319-CCA-R3-PC, 2006 WL 3613598 (Tenn. Crim. App. Dec. 7, 2006); *Anthony H. Dean v. Joe Easterling, Warden*, No. W2008-01302-CCA-

R3-PC, 2009 WL 1530183 (Tenn. Crim. App. May 22, 2009); *Anthony Dean v. State*, No. W2012-02354-CCA-R3-CO, 2013 WL 6798897 (Tenn. Crim. App. Dec. 20, 2013).

The record reflects that on May 28, 2015, a document entitled "Motion to Correct Judgment to Receive Jail Credits Pursuant to Tenn. R. Crim. P. 36.1" was filed with the trial court clerk. The document was dated May 19, 2015, and stated the following:

**Clerk De Saussure:**

My purpose in writing is to request your assistance concerning the above styled matter. On May 8, 2015, the above-styled motion was mailed for filing with your court. Please stamp **"FILED"** on this face-page copy so that I may have the current docket entry of its filing for my records. I have provided you with a self-addressed [sic] to enable you to facilitate my request.

Thank you for your time and consideration.

On June 9, 2015, the trial court entered an order dismissing the Defendant's May 28, 2015 filing. The court acknowledged the filing was entitled "Motion to Correct Judgment to Receive Jail Credits Pursuant to Tenn. R. Crim. P. 36.1." The court stated, "The only thing discussed in the writing was a reference to a letter mailed on May 5, 2015 requesting information and copies of 'the empaneling of the Shelby County Grand Jury, a listing of the veniremen and the minutes of the Grand Jury' during a certain period of time." The court determined that the Defendant failed to state a colorable claim pursuant to Tennessee Criminal Procedure Rule 36.1 and that the motion was a request for the court clerk to provide grand jury-related information. The only additional filings contained in the trial court record relate to the notice of appeal and the designation of the record. This appeal followed.

The Defendant argues that the trial court erred by summarily dismissing his motion for a corrected judgment relative to pretrial jail credits and argues that he is entitled to 118 days of pretrial jail credits, which he alleges were accumulated between the date of his arrest and the date the grand jury returned the indictment. The State argues that the trial court properly dismissed the motion that "was apparently mailed to the court on May 5, 2015."

On September 28, 2015, this court received the Defendant's motion requesting permission to supplement the appellate record with his motion to correct the judgment to receive jail credits. The motion to supplement the record stated that the Defendant discovered his motion to correct the judgment relative to pretrial jail credits was not included in the trial court's record and that he placed his motion to correct the judgment in the mail to the Shelby County Court Clerk's Office and to the District Attorney General's Office on May

6, 2015. The Defendant argued that the trial court denied his motion for a corrected judgment relative to pretrial jail credits based upon an "assumption" that the Defendant's May 28, 2015 document submitted to the Shelby County Court Clerk's Office was the motion to correct the judgment. The Defendant attached to the motion to supplement the record a copy of his motion to correct the judgment and the judgment form. We note that the copy of the motion to correct the judgment reflects that the Defendant's signature was notarized on May 6, 2015, and that the certificate of service reflects that on the same day, the motion was placed in the prison mailroom and sent to the Shelby County Court Clerk's Office and to the District Attorney General's Office. However, the motion does not reflect a date upon which it was filed with the Shelby County Court Clerk's Office. Arguably, the Defendant's May 28 filing was an attempt to obtain a file-stamped copy of his motion from the Shelby County Court Clerk's Office. On October 2, 2015, this court ordered the Shelby County Court Clerk's Office to supplement the appellate record with the Defendant's motion to correct the judgment relative to pretrial jail credits. On October 14, the Shelby County Court Clerk's Office reported in a supplemental record that the May 28 filing was the only motion to correct the judgment in the trial court record.

The record reflects that the trial court treated the Defendant's May 28, 2015 filing as a motion for a corrected judgment. The court's order summarily dismissing the Defendant's May 28 filing references a letter mailed on May 5, 2015, which the court stated requested information related to the Shelby County Grand Jury. Although the court relied upon a May 5 letter in dismissing the motion, the May 5 letter is not contained in the record, and nothing in the record reflects that the Defendant requested any information related to the grand jury. Although this May 5 document is not included in the appellate record, and apparently is also not included in the trial court record, the State argues that the trial court properly dismissed the "purported 36.1 motion that was apparently mailed to the court on May 5." We note that the Defendant claimed in his motion to supplement the record that he mailed his motion to correct the judgment for pretrial jail credits to the Shelby County Court Clerk's Office and to the District Attorney General's Office on May 6.

Based upon the record before this court, it is unclear what transpired in the trial court. This court is concerned that the trial court's order dismissing the Defendant's May 28, 2015 filing, which requests a file-stamped copy of the previously filed motion for a corrected judgment, is based upon a May 5 letter that is not contained in the trial court record and does not relate to pretrial jail credits. As a result, we conclude that the case must be remanded to the trial court for relevant findings of fact regarding what documents, if any, were filed with the Shelby County Court Clerk's Office, including the May 5 letter referenced in the trial court's dismissal order. If the court determines that the Defendant's motion for a corrected judgment relative to pretrial jail credits was provided to prison mailroom officials on May 6 and that the motion was sent to the Shelby County Court Clerk's Office and to the District

Attorney General's Office as reflected by the certificate of service, the Defendant's motion should be considered filed with trial court. *See* Tenn. R. Crim. P. 49(d)(1) ("If a paper . . . permitted to be filed pursuant to the rules of criminal procedure is prepared by . . . a pro se litigant incarcerated in a correctional facility . . . , the filing is timely if the paper was delivered to the appropriate individual at the correctional facility within the time set for filing.") If, however, the court determines that the Defendant's motion was not submitted to the prison mailroom officials and that the motion is not deemed to have been filed, the matter should be dismissed, and the Defendant is free to file his motion for a corrected judgment related to pretrial jail credits. We note, though, that our supreme court recently concluded that the "failure to award pretrial jail credits does not render the sentence illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1." *State v. Adrian R. Brown*, ___ S.W.3d ___, ____, No. E2014-00673-SC-R11-CD, 2015 WL 7748275, at *9 (Tenn. Dec. 2, 2015).

Based upon the foregoing and the record as a whole, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
ROBERT H. MONTGOMERY, JR., JUDGE